IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,181-03






EX PARTE STACY LYNN SMITH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR97-098 IN THE 4TH DISTRICT COURT


FROM RUSK COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded nolo contendere to
attempted capital murder and originally received ten years' deferred adjudication community
supervision. His guilt was later adjudicated, and he was sentenced to eighteen years' imprisonment. 
He did not appeal his conviction. 

 Applicant contends, inter alia, that his original plea was involuntary because he was not
advised by counsel or the trial court that he would be subject to the entire range of punishment
applicable to the offense if he were adjudicated guilty. Applicant has alleged facts that, if true, might
entitle him to relief. In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with copies of the plea documents from
Applicant's original plea proceedings, including the written admonishments, waivers and
stipulations, and any written plea agreement. The trial court shall also supplement the record with
copies of any documents relating to Applicant's adjudication of guilt. The trial court shall make
findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 

Filed: August 22, 2012

Do not publish